## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW HAMPSHIRE

|  |  |
|---|---|
| IN RE APPLICATION OF THE UNITED STATES OF AMERICA FOR AN ORDER AUTHORIZING THE INSTALLATION AND USE OF PEN REGISTER AND TRAP AND TRACE DEVICES ON WHATSAPP ACCOUNT NUMBERS (347) 484-0198, (978) 327-4667, (978) 635-6744, (978) 609-5491, (939) 312-1115, (978) 635-6016, (978) 885-7551, (978) 566-2485, AND (978) 641-7399 | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

No.  21-mc-14-AJ

**Filed Under Seal – Level II**

## APPLICATION

The United States of America, moving by and through Assistant United States Attorney John J. Kennedy, its undersigned counsel, respectfully submits under seal this *ex parte* application for an order pursuant to 18 U.S.C §§ 3122 and 3123, authorizing the installation and use of pen registers and trap and trace devices ("pen/trap device") to record, decode, and/or capture dialing, routing, addressing, and signaling information associated with each communication to and from the WhatsApp, Inc. ("WhatsApp") account listed in Attachment A.  In support of this application, the United States asserts:

1.     This is an application, made under 18 U.S.C. § 3122(a)(1), for orders under 18 U.S.C. § 3123 authorizing the installation and use of pen registers and a trap and trace devices.

2.     Such an application must include three elements: (1) "the identity of the attorney for the Government or the State law enforcement or investigative

officer making the application"; (2) "the identity of the law enforcement agency conducting the investigation"; and (3) "a certification by the applicant that the information likely to be obtained is relevant to an ongoing criminal investigation being conducted by that agency." 18 U.S.C. § 3122(b).

3.      The undersigned applicant is an "attorney for the government" as defined in Rule 1(b)(1) of the Federal Rules of Criminal Procedure.

4.      The law enforcement agency conducting the investigation is the Drug Enforcement Administration ("DEA"). The DEA is being assisted in this investigation by other state, local and federal investigative agencies.

5.      The applicant hereby certifies that the information likely to be obtained by the requested pen/trap devices is relevant to an ongoing criminal investigation of a drug trafficking organization ("DTO") that is being conducted by the DEA.

6.      This Court has jurisdiction to issue the requested order because it is a "court of competent jurisdiction" under 18 U.S.C. § 3122(a)(2).  Specifically, the Court is a district court of the United States that has jurisdiction over the offenses being investigated." 18 U.S.C. § 3127(2)(A)(i).

## ADDITIONAL INFORMATION

7.      Other than the three elements described above, federal law does not require that an application for an order authorizing the installation and use of a pen register and a trap and trace device specify any facts.  The following additional information is provided to demonstrate that the order requested falls within this

2

Court's authority to authorize the installation and use of a pen register or trap and trace device under 18 U.S.C. § 3123(a)(1).

8.      A "pen register" is "a device or process which records or decodes dialing, routing, addressing, or signaling information transmitted by an instrument or facility from which a wire or electronic communication is transmitted." 18 U.S.C. § 3127(3). A "trap and trace device" is "a device or process which captures the incoming electronic or other impulses which identify the originating number or other dialing, routing, addressing, and signaling information reasonably likely to identify the source of a wire or electronic communication." 18 U.S.C. § 3127(4).

9.      In the traditional telephone context, pen registers captured the destination phone numbers of outgoing calls, while trap and trace devices captured the phone numbers of incoming calls. Similar principles apply to communications sent over the Internet, as described below.

10.     WhatsApp is a United States company that is the provider of a wire and electronic communication service as defined by 18 U.S.C. §§ 3127(1) and 2510. Specifically, WhatsApp provides an Internet-based multimedia messaging service, WhatsApp Messenger, via a cross-platform smartphone application that enables users to send to, or receive from, other users of the service calls and messages.

11.     More specifically, the smartphone-based WhatsApp Messenger allows users to exchange, inter alia, text messages, audio messages, video messages, and files such as documents and photos with other WhatsApp users. Users can also engage in real-time voice and video calls and participate in group chats. The

smartphone application can be paired with the browser-based WhatsApp Web

service to achieve similar functionality from laptop and desktop computers.  In

order to send or receive messages via WhatsApp Messenger or WhatsApp Web, the

relevant device must connect to the Internet.

12.     Devices directly connected to the Internet are identified by a unique

number called an Internet Protocol ("IP") address.  This number is used to route

information between devices.  Generally, when one Internet-connected device (such

as a smartphone or laptop) requests information from a second device (such as

WhatsApp servers hosting data relating to the subscriber's WhatsApp account), the

requesting device specifies its own IP address so that the responding device knows

where to send its response.  An IP address is analogous to a telephone number and

can be recorded by a pen/trap device, and it indicates the identity of the

communicating device without revealing the communication's content.

13.     Each WhatsApp account has a unique account identifier in the form of

the telephone number of the mobile phone upon which the user has installed the

WhatsApp Messenger application.  These phone numbers are used by WhatsApp

users to identify the intended recipient of the messages that they send as well as

the sender of messages that they receive; they are like the telephone numbers of

incoming outgoing calls because they indicate both origin and destination(s).  These

telephone numbers/account identifiers can be recorded by a pen/trap device and can

be used to identify parties to a communication without revealing the

communication's content.

4

## THE RELEVANT FACTS

14.     The United States government, including the DEA, is investigating a group of individuals who are believed to be involved in the distribution of large quantities of controlled substances, including fentanyl and cocaine. The investigation relates to drug trafficking activities of multiple individuals who appear to be operating in northern Massachusetts and southern New Hampshire. The investigation concerns possible violations of, inter alia, 21 U.S.C. §§ 846, 843(b), and 841(a)(1).

15.     Through this investigation, agents have determined that Manuel DELACRUZ-DIAZ ("DELACRUZ") and his co-conspirators use multiple telephones to facilitate their drug trafficking activities. Specifically, agents identified cellular telephone number (978) 828-4247 (hereafter referred to as "TT-6"), and (508) 982-5732 ("TT-8") as telephones used by DELACRUZ in furtherance of his drug trafficking. On January 7, 2021, the DEA received court authorization to intercept wire communications over TT-6 and TT-8 for thirty days. This is the third interception over TT-6 and the second interception period of TT-8. Interception began on January 14, 2021, and is currently ongoing, with the order set to expire on February 13, 2021. Each of the WhatsApp accounts described in Attachment A are used by individuals who were intercepted over TT-6 and/or TT-8 discussing drug trafficking activity with DELACRUZ-DIAZ. Throughout the investigation, agents have found that DELACRUZ-DIAZ and his co-conspirators utilize WhatsApp and will even refer to it in intercepted calls. Investigators believe that communications

relating to the offenses under investigation have been and continue to be made over WhatsApp accounts described in Exhibit A.

16.   The conduct being investigated involves use of the WhatsApp account(s) described in Attachment A.  To further the investigation, investigators request to obtain the dialing, routing, addressing, and signaling information associated with communications sent to or from the account(s).  The pen/trap devices sought to be installed and used pursuant to the order resulting from this application will record, decode, and/or capture dialing, routing, addressing, and signaling information associated with each communication to or from the WhatsApp account(s) described in Attachment A, including:

- the source and destination WhatsApp account(s);

- the date, time, and duration of the communication; and

- IP address used in conjunction with the communication, including IP address associated with access to the target WhatsApp account(s).

<strong><u>GOVERNMENT REQUESTS</u></strong>

17.   For the reasons stated above, the United States requests that the Court enter an Order authorizing the installation and use of a pen/trap devices to record, decode, and/or capture the dialing, routing, addressing, and signaling information associated with each communication to or from the WhatsApp account(s) described in Attachment A, including source and destination WhatsApp account, the date, time, duration of the communication, and Internet Protocol address, including Internet Protocol address associated with access to the target

WhatsApp account(s), without geographic limit.  The United States does not request and does not seek to obtain the contents of any communications, as defined in 18 U.S.C. § 2510(8).

18.    The United States further requests that the Court authorize the foregoing installation and use for a period of sixty days from the date of the Court's Order, pursuant to 18 U.S.C. § 3123(c)(1).

19.    The United States further requests, pursuant to 18 U.S.C. §§ 3123(b)(2) and 3124(a)-(b), that the Court order WhatsApp and any other person or entity providing wire or electronic communication service in the United States whose assistance may facilitate execution of this Order to furnish, upon service of the Order, information, facilities, and technical assistance necessary to install the pen/trap device, including installation and operation of the pen/trap devices unobtrusively and with minimum disruption of normal service.  Any entity providing such assistance shall be reasonably compensated by the DEA pursuant to 18 U.S.C. § 3124(c) for reasonable expenses incurred in providing facilities and assistance in furtherance of this Order.

20.    The United States further requests that the Court order WhatsApp and any other person or entity whose assistance may facilitate execution of this Order provide prior notice to the applicant and the DEA before terminating or changing service to the account(s) listed in Attachment A.

21.    The United States further requests that the Court order that the DEA and the applicant have access to the information collected by the pen/trap devices as

soon as practicable, twenty-four hours per day, or at such other times as may be acceptable to them, for the duration of the Order.

22.     The United States further requests, pursuant to 18 U.S.C. § 3123(d)(2), that the Court order WhatsApp and any other person or entity whose assistance facilitates execution of this Order, and their agents and employees, not to disclose in any manner, directly or indirectly, by any action or inaction, the existence of this application and Order, the resulting pen/trap device, or this investigation, unless and until authorized by this Court, except that WhatsApp may disclose this Order to an attorney for WhatsApp for the purpose of receiving legal advice.

23.     The United States further requests that this application and any resulting Order be sealed until otherwise ordered by the Court, pursuant to 18 U.S.C. § 3123(d)(1).

24.     The United States further requests that the Clerk of the Court provide the United States Attorney's Office with three certified copies of this application and any Order, and three copies of this Order to the DEA and WhatsApp upon request.

25.     The foregoing is based on information provided to me in my official capacity by agents and task force officers of the DEA.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: February 12, 2021

Respectfully submitted,

SCOTT W. MURRAY
United States Attorney

By:    /s/ John J. Kennedy
       John J. Kennedy
       Assistant U.S. Attorney

ATTACHMENT A

WhatsApp, Inc.

| Type of facility | Number or identifier | Subscriber/customer name, if known | Identity of subject of criminal investigation, if known |
|---|---|---|---|
| WhatsApp account | (347) 484-0198 | Unknown | Ambiory Monegro-Reynoso |
| WhatsApp account | (978) 327-4667 | Unknown | Maribel Benjamin |
| WhatsApp account | (978) 635-6744 | Unknown | Carlito L.N.U. |
| WhatsApp account | (978) 609-5491 | Unknown | Ramon Jacquez-Diaz |
| WhatsApp account | (939) 312-1115 | Unknown | Edwin Flores |
| WhatsApp account | (978) 635-6016 | Unknown | Carlos Perez |
| WhatsApp account | (978) 885-7551 | Unknown | Wandy Rosario |
| WhatsApp account | (978) 566-2485 | Unknown | Salvador Ruiz-Gonzalez |
| WhatsApp account | (978) 641-7399 | Unknown | Vivan L.N.U. |

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

|  |  |
|---|---|
| IN RE APPLICATION OF THE )<br>UNITED STATES OF AMERICA FOR )<br>AN ORDER AUTHORIZING THE )<br>INSTALLATION AND USE OF PEN )<br>REGISTER AND TRAP AND )<br>TRACE DEVICES ON WHATSAPP )<br>ACCOUNT NUMBERS (347) 484-0198, )<br>(978) 327-4667, (978) 635-6744, )<br>(978) 609-5491, (939) 312-1115, )<br>(978) 635-6016, (978) 885-7551, )<br>(978) 566-2485, AND (978) 641-7399 )<br> ) | No.  21-mc-14-AJ<br><br>**Filed Under Seal – Level II** |

## ORDER

John J. Kennedy, Assistant U.S. Attorney, on behalf of the United States, has

submitted an application pursuant to 18 U.S.C. §§ 3122 and 3123, requesting that

the Court issue an Order authorizing the installation and use of pen registers and

trap and trace devices ("pen/trap device") on the account(s) described in Attachment

A, which is attached and incorporated into this Order by reference.

The Court finds that an attorney for the government has submitted the

application and has certified that the information likely to be obtained by such

installation and use is relevant to an ongoing criminal investigation being conducted

by the United States Drug Enforcement Administration ("DEA") in connection with

possible violations of 21 U.S.C. §§ 846, 843(b), and 841(a)(1).

IT IS THEREFORE ORDERED, pursuant to 18 U.S.C. § 3123, that the DEA

may install and use a pen/trap device to record, decode, and/or capture dialing,

routing, addressing, and signaling information associated with each communication to or from the accounts described in Attachment A, including the source and destination WhatsApp account(s), date, time, duration of the communication, and Internet Protocol address, including Internet Protocol address associated with access to the target WhatsApp account(s), without geographic limit.

IT IS FURTHER ORDERED, pursuant to 18 U.S.C. § 3123(c)(1), that the use and installation of the foregoing is authorized for sixty days from the date of this Order;

IT IS FURTHER ORDERED, pursuant to 18 U.S.C. §§ 3123(b)(2) and 3124(a)-(b), that WhatsApp Inc. ("WhatsApp") and any other person or entity providing wire or electronic communication service in the United States whose assistance may, pursuant to 18 U.S.C. § 3123(a), facilitate the execution of this Order shall, upon service of this Order, furnish information, facilities, and technical assistance necessary to install the pen/trap device, including installation and operation of the pen/trap device unobtrusively and with minimum disruption of normal service;

IT IS FURTHER ORDERED that the DEA reasonably compensate WhatsApp and any other person or entity whose assistance facilitates execution of this Order for reasonable expenses incurred in complying with this Order;

IT IS FURTHER ORDERED that WhatsApp and any other person or entity whose assistance may facilitate execution of this Order provide prior notice to the applicant and the DEA before terminating or changing service to the account(s);

IT IS FURTHER ORDERED that the DEA and the applicant have access to the information collected by the pen/trap device as soon as practicable, twenty-four hours per day, or at such other times as may be acceptable to the DEA, for the duration of the Order;

IT IS FURTHER ORDERED, pursuant to 18 U.S.C. § 3123(d)(2), that WhatsApp and any other person or entity whose assistance facilitates execution of this Order, and their agents and employees, shall not disclose in any manner, directly or indirectly, by any action or inaction, the existence of the application and this Order, the pen/trap device, or the investigation to any person, unless and until otherwise ordered by the Court, except that WhatsApp may disclose this Order to an attorney for WhatsApp for the purpose of receiving legal advice;

IT IS FURTHER ORDERED that the Clerk of the Court shall provide the United States Attorney's Office with three certified copies of this application and Order, and provide three copies of this Order to the applicant, DEA, and WhatsApp upon request;

IT IS FURTHER ORDERED that the application and this Order are sealed until otherwise ordered by the Court, pursuant to 18 U.S.C. § 3123(d)(1).

_____
Date

_____
Andrea K. Johnstone
United States Magistrate Judge

## ATTACHMENT A

### WhatsApp, Inc.

| Type of facility | Number or identifier | Subscriber/customer name, if known | Identity of subject of criminal investigation, if known |
|---|---|---|---|
| WhatsApp account | (347) 484-0198 | Unknown | Ambiory Monegro-Reynoso |
| WhatsApp account | (978) 327-4667 | Unknown | Maribel Benjamin |
| WhatsApp account | (978) 635-6744 | Unknown | Carlito L.N.U. |
| WhatsApp account | (978) 609-5491 | Unknown | Ramon Jacquez-Diaz |
| WhatsApp account | (939) 312-1115 | Unknown | Edwin Flores |
| WhatsApp account | (978) 635-6016 | Unknown | Carlos Perez |
| WhatsApp account | (978) 885-7551 | Unknown | Wandy Rosario |
| WhatsApp account | (978) 566-2485 | Unknown | Salvador Ruiz-Gonzalez |
| WhatsApp account | (978) 641-7399 | Unknown | Vivan L.N.U. |